# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.    2:24-cv-07164-JLS-AJR          Date: October 1, 2024
                                                                               Page 1 of 2

Title:      Bruce K. Swenson v. CDCR Secretary, et al.

**DOCKET ENTRY: ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE CONSOLIDATED**

PRESENT:

### HONORABLE A. JOEL RICHLIN, UNITED STATES MAGISTRATE JUDGE

| Claudia Garcia-Marquez | None | None |
|---|---|---|
| Deputy Clerk | Court Reporter/Recorder | Tape No. |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANTS: |
|---|---|
| None Present | None Present |

**PROCEEDINGS: (IN CHAMBERS)**

On August 20, 2024, *pro se* Plaintiff Bruce K. Swenson ("Plaintiff"), a California state prisoner incarcerated at the California State Prison, Corcoran, filed a Civil Rights Complaint by a Prisoner pursuant to 42 U.S.C. § 1983 (the "Complaint") against the following Defendants: (1) CDCR Secretary; (2) CMC Warden; and (3) CSR Auditor, D. Davis (collectively, the "Defendants"). (Dkt. 1 at 1-2.) The Complaint alleges one cause of action for reckless discard, abuse of power, and failure to protect, based on the denial of Plaintiff's request for a transfer to a different state prison. (Id. at 3.) Plaintiff alleges that he contracted Valley Fever as a result of not being transferred and that he now must suffer with this respiratory illness for the rest of his life. (Id.) Plaintiff seeks $450,000 in damages based on his remaining life expectancy plus another $100,000 for pain and suffering. (Id. at 6.)

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No.     2:24-cv-07164-JLS-AJR                                Date:  October 1, 2024
                                                                                           Page 2 of 2

Title:         Bruce K. Swenson v. CDCR Secretary, et al.

_____

      On August 27, 2024, in Case No. 2:24-cv-07515-DOC-JDE, Plaintiff filed what appears to be an identical complaint as was filed in this action.  (Compare Dkt. 1 in Case No. 2:24-cv-07515-DOC-JDE, with Dkt. 1 in Case No. 2:24-cv-07164-JLS-AJR.)  Accordingly, the two actions filed by Plaintiff with identical complaints appear to be appropriate for consolidation under Federal Rule of Civil Procedure 42.  Under Rule 42, a "district court has broad discretion . . . to consolidated cases" that involve "common questions of law and fact."  Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of California, 877 F.2d 777, 777 (9th Cir. 1989).  Consolidation of the two actions would avoid unnecessary cost and delay, as well as avoid the risk of inconsistent judgments on identical issues.

      **Plaintiff is therefore ordered to show cause, no later than October 31, 2024, why this action (Case No. 2:24-cv-07164-JLS-AJR) should not be consolidated with Case No. 2:24-cv-07515-DOC-JDE.  Plaintiff is advised that failure to timely respond to this Order to Show Cause, or failure to show why this action should not be consolidated, will result in the Court recommending that the action be consolidated.**  Plaintiff is further advised that if he no longer wishes to pursue this action, he may voluntarily dismiss the action by filing a Notice of Dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1).  A form Notice of Dismissal is attached for Plaintiff's convenience.

      IT IS SO ORDERED.

Attachments:
CV-09, Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c).